Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No.  286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com


Attorneys for Plaintiff  SUZANNE NAPIER


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION


| | |
|---|---|
| SUZANNE NAPIER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DONG LE and VAN THAN, individually  and dba Bella Roma Pizza, aka Italian Express; HUNTINGTON SOUTH CENTER, LLC, a California limited liability company, and DOES 1-10, inclusive, <br><br> Defendants. | **Case  No**. <br> **Complaint For Damages And Injunctive Relief For:** <br><br> 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* <br><br> 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* |

Plaintiff, SUZANNE NAPIER ("Plaintiff"), complains of  Defendants DONG LE and VAN THAN, individually  and dba Bella Roma Pizza, aka Italian Express; HUNTINGTON SOUTH CENTER, LLC, a California limited liability company, and DOES 1-10, inclusive ("Defendants") and alleges as follows:

1

COMPLAINT

**PARTIES:**

1.    Plaintiff is an adult California resident with physical disabilities. Plaintiff has a Disabled Person Parking Placard issued to her by the State of California.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

2.    Plaintiff brings this action acting as a "private attorney general"  as permitted under the American with Disabilities Act of 1990 ("ADA")  to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

3.    Defendant HUNTINGTON SOUTH CENTER, LLC, a California limited liability company, owned the property located at 9101 Atlanta Ave. Huntington Beach, CA, 92646, on April 21, 2017.

4.    Defendant HUNTINGTON SOUTH CENTER, LLC, a California limited liability company, owns the property located at 9101 Atlanta Ave. Huntington Beach, CA, 92646, currently.

5.    Defendant DONG LE and VAN THAN, individually and dba DONG LE and VAN THAN, individually and dba Bella Roma Pizza, aka Italian Express, located at  9101 Atlanta Ave. Huntington Beach, CA, 92646, operated and controlled the DONG LE and VAN THAN, individually  and dba Bella Roma Pizza, aka Italian Express ("Business") located at 9101 Atlanta Ave. Huntington Beach, CA, 92646, on July 21, 2017.

6.    Defendant DONG LE and VAN THAN, individually  and dba Bella Roma Pizza, aka Italian Express, located at 9101 Atlanta Ave. Huntington Beach, CA, 92646, operates and controls the BUSINESS, located at 9101 Atlanta Ave.

Huntington Beach, CA, 92646, currently.

7. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

9. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, the Unruh Civil Rights Act (the "UCRA"), because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

11. Plaintiff went to the BUSINESS in Garden Grove on or about April 21, 2017, around 3:21 p.m., to obtain food.

12. The business is a facility open to the public, a place of public accommodation, and a business establishment.

3
COMPLAINT

13.    An adequate parking space is one of the facilities, privileges and advantages reserved by defendants to persons at the property serving the BUSINESS.

14.    Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") in July of 2017.

15.    Instead of having compliant accessible disabled parking spaces on the property, Defendants have: a curb ramp with an excessive slope that goes from the disability access aisle located to the side of the designated parking stalls up to the curb; the stall closest to the curb ramp has a cross slope which exceed ADAAG requirements up to the sidewalk (access pathway);  the designated parking spaces have a drainage ditch at the back of the access aisle and parking that has an access path that leads into traffic, and, the designated disabled parking spaces paint has faded almost to non-recognition.

16.    Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the BUSINESS.

17.    Subject to the reservation of rights to assert further violations of law after a site inspection found *infra* at paragraph 27, Plaintiff asserts there are additional ADA violations which affect him personally.

18.    Plaintiff alleges, on information and belief, that Defendants had no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities are compliant prior to April of 2017.

19.    Plaintiff alleges, on information and belief, that Defendants have no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities remain compliant currently.

20.    Plaintiff personally encountered these barriers.  These inaccessible conditions denied Plaintiff full and equal access and caused her difficulty,

4
COMPLAINT

humiliation and frustration because it represented a tip-over hazard, and/or crash and fall hazard.

21. As an individual with a mobility disability who at times is dependent upon mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

22. Plaintiff would like to return to the location given its close proximity to an area that Plaintiff enjoys frequenting.

23. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

24. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

26. Plaintiff is and has been deterred from returning and patronizing the BUSINESS and accompanying real property because of Plaintiff's knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the business as a customer once the barriers are removed.

27. Given the obvious and blatant violation alleged hereinabove, Plaintiff

5

alleges, on information and belief, that there are other violations and barriers in the site that relate to her disability.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.  However, please be on notice that the Plaintiff seeks to have all barriers related to her disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

28.    Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1)  these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an  accident because had the defendants intended any other configuration, they had the means and ability to make the change.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

29.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).  Discrimination is defined, inter alia, as follows:

a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.   A failure to remove architectural barriers which such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c.   A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

31.   Any business that provides parking spaces must provide accessible parking spaces.  1991 Standards § 4.1.2(5).  2010 Standards § 208.  Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2.  Here, the access aisle is not level and there is a ramp occupying part of the access aisle.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces.  Id. No more than a 1:48 slope is permitted.  Standards § 502.4.

32.   Here the failure to provide level parking, as set forth above, and

7

COMPLAINT

accessible shopping aisles, as set forth above, are violations of the law.

33.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

34.    Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

35.    Given its location and options, Plaintiff will continue to desire to patronize the BUSINESS but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

36.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

37.    California Civil Code § 51 *et seq.*, the UCRA, guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

38.    Because Defendants violate Plaintiff's rights under the ADA, they also violated the UCRA and are liable for damages.  (Civ. Code § 51(f),52(a).)   These violations are ongoing.

39.    Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendants have been previously put on actual notice that its premises is inaccessible to Plaintiff.  Despite this knowledge, Defendants maintain their premises in an inaccessible form, and Defendants have failed to take actions to

8
COMPLAINT

correct these barriers.

40.     Because the violation of the UCRA resulted in difficult, discomfort or embarrassment for the plaintiff, Defendants are also responsible for statutory damages, i.e. a civil penalty.  (Civ. Code § 55.56(a)-(c).)

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.     A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the BUSINESS and associated real property; Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.

2.     An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3.     An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.     For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated:  September 14, 2017          **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Attorneys for Plaintiff